IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANKIE P. STURGES,

    Petitioner,

v.                                                 CASE NO. 1:08-cv-161-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 7, second amended petition for writ of habeas corpus, filed by Frankie P. Sturges. Petitioner pled *nolo contendere* to multiple crimes, including armed burglary and grand theft, and was sentenced on January 16, 2003, to five years imprisonment. Doc. 7 at 1. He did not appeal, and thus, the conviction became final on February 17, 2003. Fla. R. App. P. 9.110(b). The one-year period for filing the instant petition began running at that time. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). On February 9, 2005, Petitioner filed a Rule 3.800 motion for post-conviction relief in state court, which was denied. *Id*. at 2-3. The court denied the motion on March 23, 2005. *Id*. The court of appeal affirmed without written opinion on August 3, 2005, with the mandate issuing on August 30, 2005. *Sturges v. State*, 908 So.2d 1063 (Fla. Dist. Ct. App. 2005).

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review. 28 U.S.C. §2244(d)(1)(A). In other words, he had until February 17, 2004, to

file the instant petition. As the federal petition was not filed until July, 2008, it is plainly out of time under subsection (d)(1)(A), as nothing he did in state court after the expiration of the one-year period revived the filing period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner, who was sentenced in this Court, on March 5, 2003, for firearms crimes, suggests that the time for filing this petition did not start until after he became aware that the State had lodged a detainer against him and that his state sentence was being run consecutively, not concurrently, with the federal sentence. In other words, the one-year time period did not start until the date on which the factual predicate for the claim could have been discovered by the exercise of due diligence. § 2244(d)(1)(D). Even giving Petitioner the benefit of a much later starting date for the statute of limitations, *e.g.*, August 30, 2005, when the mandate issued on the 3.800 motion which had raised the issue contesting the legality of his sentence, the instant petition was filed way beyond the one-year filing period, which would have expired on August 30, 2006, almost two years before the instant petition was filed here.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the

second amended petition for writ of habeas corpus, Doc. 7, be **DENIED**, and this cause be

**DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** this   7th  day of October, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**