IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


FRANKIE STURGES,

      Petitioner,

v.                                 CASE NO. 1:08-cv-00161-MP-AK

STATE OF FLORIDA, et al.,

      Respondents.

_____/

## O R D E R

      This matter is before the Court on Doc. 8, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner's second amended petition for writ of habeas corpus, Doc. 7, be denied and that this cause be dismissed with prejudice. The Magistrate's Report was filed on Tuesday, October 7, 2008. The parties have been provided a copy of the Report and have been afforded an opportunity to file objections. Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. Petitioner has filed objections at Doc. 9.

      This cause was first brought by Petitioner pursuant to 28 U.S.C. § 2241. Although Petitioner is a federal prisoner, he sought only to challenge the validity of a plea agreement entered in the Circuit Court of Alachua County, Florida, the resulting state prison sentence, and the detainer securing his return to state custody after expiration of his federal sentence. The Magistrate therefore ordered Petitioner to file a second amended petition seeking relief under 28 U.S.C. § 2254. Because this cause was brought long after the expiration of the deadline for filing a petition under § 2254, the Magistrate recommends denial of the petition and dismissal

with prejudice.  Petitioner objects on the following grounds: (1) the Magistrate improperly converted Petitioner's § 2241 petition into a § 2254 petition; (2) Petitioner was given no warning that amending his petition to seek relief under § 2254 would subject his petition to dismissal; and (3) this cause should have been transferred to the Southern District of Georgia, which is the district of Petitioner's confinement.  Doc. 9.

As to the first two objections, the Court agrees with the Magistrate that this petition is subject to the procedural requirements of § 2254.  Although Petitioner is currently a federal prison inmate, he is challenging a state prison sentence resulting from a state court judgment; he is not challenging any aspect of his federal sentence or custody.  Therefore, both § 2241 and § 2254 apply, and Petitioner "cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."  See Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); see also Meleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (holding that a petitioner under a detainer filed by a state was "in custody" under § 2241 even though he was incarcerated pursuant to federal charges in a federal penitentiary and his state sentence had yet to begin).  The fact that Petitioner was not informed of these procedural requirements prior to the filing of the amended complaint has no bearing on their application.

Petitioner's third objection, that this cause should have been transferred to the district of Petitioner's confinement, is also without merit.  The underlying basis for the challenged detainer, which was filed by the State of Florida, arose in Alachua County; therefore, the Northern District of Florida is the proper forum for the instant petition.  See Braden v. 30th Judicial Circuit Court

of Kentucky, 410 U.S. 484, 498-499, 93 S.Ct. 1123, 1131-1132, 35 L.Ed.2d 443 (1973).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge, Doc. 8, is adopted and incorporated herein.

2.      Petitioner's second amended petition for writ of habeas corpus, Doc. 7, is DENIED, and this cause is DISMISSED with prejudice.  The Clerk is directed to close the file.

**DONE AND ORDERED** this   *28th* day of October, 2008

                    *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge